


FILED

DEC - 5 2017

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

In re:                          )          Case No. 17-23817-B-13
                                )
RAFAEL A. REYES and VILLA REYES,)
                                )
                    Debtor(s).  )
_____)

### SUPPLEMENTAL MEMORANDUM AND ORDER SANCTIONING ATTORNEY LESLIE RICHARDS

**INTRODUCTION**

Attorney Leslie Richards(SBN 94672), former counsel for debtors Rafael A. Reyes and Villa Reyes in the above-captioned chapter 7 case, was sanctioned earlier this year in another bankruptcy case she filed in the Eastern District of California. Ms. Richards was ordered to not file any new bankruptcy case or proceeding in the Eastern District of California Bankruptcy Court after April 15, 2017, without first completing four hours of California State Bar approved participatory continuing legal education in ethics and certifying completion of that continuing legal education obligation with the clerk of the court. Ms. Richards did neither. And yet, between June and September of 2017 Ms. Richards filed three bankruptcy cases and one adversary proceeding in the Eastern District of California Bankruptcy Court.

Ms. Richards' conduct was discovered during proceedings in the above-captioned chapter 7 case, which is one of the cases that Ms. Richards filed in violation of the earlier sanctions order. Discovery of Ms. Richards' conduct prompted the court to

issue an order on September 12, 2017, directing Ms. Richards to show cause why she should not be further sanctioned for violating the earlier sanction order. It is the September 12, 2017, order to show cause that is now before the court.

A hearing on the court's order to show cause was held on October 17, 2017. Ms. Richards appeared in person and on behalf of herself. There were no other appearances noted on the record.

This memorandum and order supplements the court's oral findings of fact and conclusions of law placed on the record in open court pursuant to Federal Rule of Civil Procedure 52(a) applicable by Federal Rules of Bankruptcy Procedure 7052 and 9014. If these written findings of fact and conclusions of law conflict with the court's oral findings of fact and conclusions of law, these written findings and conclusions control.

**BACKGROUND**

Although entered in the above-captioned chapter 7 case, the present order to show cause is based on a memorandum and order entered in In re Dynowski, No. 15-28574 (Bankr. E.D. Cal. 2015), in which Ms. Richards was also counsel of record for the debtor. The memorandum was filed on February 28, 2017. Id., dkt. 115. The related order on the memorandum was filed on March 1, 2017. Id., dkt. 114. The memorandum is appended to this order as Appx. 1. The related order is appended to this order as Appx. 2. Unless otherwise referred to individually, the memorandum and the order will be referred to collectively as the "Dynowski

1  Decision."[1]

2  The <u>Dynowski</u> Decision is the second time Ms. Richards was

3  sanctioned by a bankruptcy judge of this court.  Ms. Richards was

4  initially sanctioned $1,000.00 in the <u>Dynowski</u> case for conduct

5  described in an August 11, 2016, memorandum filed in that case.

6  <u>See Dynowski</u>, No. 15-28574, dkts. 96, 97.

7  After a hearing held in the <u>Dynowski</u> case on October 31,

8  2016, <u>id.</u>, dkt. 112, the court issued the <u>Dynowski</u> Decision in

9  which Ms. Richards was sanctioned for abusive, bad faith, and

10 willful misconduct generally described as filing bankruptcy cases

11 to acquire the automatic stay with no intent to prosecute those

12 bankruptcy cases and more particularly described as follows:

13     [A] remarkably consistent pattern of abuse – failing to
       file fee disclosures, failing to file required
14     documents, and failing to attend meetings of creditors.
       The court concludes from the record in the case now
15     before it, as well as these prior cases, that Ms.
       Richards is aiding debtors in an abuse of the
16     bankruptcy process that is calculated to hinder, delay,
       and defraud lenders in their efforts to foreclose
17     and/or repossess their real property collateral.

18 <u>Dynowski</u>, No. 15-28574, dkt. 115 at 3:18-25 & 16:21-27.

19     For that conduct, Ms. Richards was sanctioned as follows:

20     Attorney Leslie Richards, effective from April 15,
       2017, shall not file new bankruptcy cases or
21     proceedings in the Eastern District of California until
       she has completed at least four hours of continuing
22     legal education in legal ethics that the State Bar of
       California approves as meeting standards for Minimum
23     Continuing Legal Education, that is taught by a
       provider approved by the State Bar, and that is not
24     self-study but a participatory activity for which the
       provider verifies attendance.  Proof of attendance
25     shall be provided to the clerk of this court when the
       four hours of education has been completed.

26

27     [1]The <u>Dynowski</u> case and the two <u>Tyler</u> cases below were re-
28 assigned to the undersigned Judge by an October 5, 2017, order.
   A copy of that order is appended to this order as Appx. 3.

1    <u>Id.</u>, dkt. 114 at 1:18-27.[2]

2         On March 3, 2017, the court, through the Bankruptcy Noticing

3    Center, mailed the <u>Dynowski</u> Decision to Ms. Richards by first

4    class mail addressed to the address that Ms. Richards provided in

5    the petition she filed at the inception of the <u>Dynowski</u> case.

6    <u>Id.</u>, dkts. 1, 114, 115, 116, and 117.  The court, through the

7    Bankruptcy Noticing Center, also sent its September 12, 2017,

8    order to show cause by first class mail to Ms. Richards at the

9    same address.  <u>Compare</u> <u>Reyes</u>, No. 17-23817, dkts. 45 & 49, <u>with</u>

10   <u>Dynowski</u>, No. 15-28575, dkts. 114, 115, 116, and 117.  Ms.

11   Richards received the September 12, 2017, order to show cause.

12   <u>See</u> <u>Reyes</u>, 17-23817, dkt. 60 at 2:17-18 ("[I] received the OSC on

13   Rafael Reyes and Villa Reyes[.]"); <u>see also</u> <u>Id.</u>, dkts. 51 & 52 at

14   ¶ 2.

15        Without any regard to the sanction and restriction that the

16   <u>Dynowski</u> Decision imposed on her, between June and September of

17   2017 Ms. Richards resumed filing bankruptcy cases and proceedings

18   in the Eastern District of California Bankruptcy Court.  During

19

20   _____

21        [2]The memorandum similarly states as follows:
         Rather than assess further monetary sanctions, the
22       court will bar Ms. Richards, effective from April 15,
         2017, filing new bankruptcy cases or proceedings in the
23       Eastern District of California until she has completed
         at least four hours of continuing legal education in
24       legal ethics that the State Bar of California approves
         as meeting standards for Minimum Continuing Legal
25       Education, that is taught by a provider approved by the
         State Bar, and that is not self-study but a
26       participatory activity for which the provider verifies
         attendance. Proof of attendance shall be provided to
27       the clerk of this court when the four hours of
         education has been completed.
28   <u>Id.</u>, dkt. 115 at 17:11-21.

                              - 4 -

that three-month period, Ms. Richards filed three bankruptcy

cases and one adversary proceeding identified as follows:

(1) In re Reyes, No. 17-23817, filed June 6, 2017, and
dismissed July 26, 2017, for failure to timely
file documents.

(2) Reyes v. Duke Partners II, LLC, Adv. No. 17-02127,
removed from state court July 17, 2017, and
remanded September 6, 2017.

(3) In re Tyler, No. 17-11558, filed April 23, 2017,
assigned to Judge Clement, and dismissed May 12,
2017, for failure to timely file documents.

(4) In re Tyler, No. 17-13464, filed September 10,
2017, assigned to Judge Lastreto, and dismissed
September 29, 2017, for failure to timely file
documents.

As of September 12, 2017, when the order to show cause

before the court was issued, the clerk of the court had no record

of any certification by Ms. Richards that she completed four

hours of California State Bar approved participatory continuing

legal education in ethics.

Ms. Richards filed three responses to the court's September

12, 2017, order to show cause.  The first response is a

declaration dated September 26, 2017, filed on September 28,

2017.  See Reyes, No. 17-23817, dkt. 51.  The second response is

a declaration dated October 2, 2017, filed on October 3, 2017.

See Id., dkt. 52.  And the third response was filed on October 5,

2017.  See Id., dkt. 60.  The first two declarations are nearly

identical.  The third response includes the September 26, 2017,

declaration.

Ms. Richards does not dispute that between June and

September of 2017, and thus after April 15, 2017, she filed the

Reyes bankruptcy case, the Reyes adversary proceeding, and the

- 5 -

two _Tyler_ bankruptcy cases identified above.   She also does not dispute that she filed those three bankruptcy cases and the one adversary proceeding without (i) taking four hours of state bar approved participatory continuing legal education in ethics and (ii) without certifying compliance with that continuing legal education obligation with the clerk of court.   Thus, Ms. Richards does not dispute that she filed three bankruptcy cases and one adversary proceeding in violation of the _Dynowski_ Decision.

      Ms. Richards states in her declarations that she was unaware of the _Dynowski_ Decision when she filed the _Reyes_ bankruptcy case, the _Reyes_ adversary proceeding, and the two _Tyler_ bankruptcy cases.   See _Dynowski_, No. 15-28574, dkt. 51 at ¶¶ 2, 5, & 9; dkt. 52 at ¶¶ 2, 5 & 10.   However, Ms. Richards provides conflicting and inconsistent dates as to when she purportedly became aware of the _Dynowski_ Decision.   She first states that date was September 12, 2017.   See _Reyes_, No. 17-23817, dkts. 51 & 52, ¶ 2.   She then states that date was "the other day" as measured from either September 26, 2017, _id._, dkt. 51 at ¶ 5, or October 2, 2017.   _Id._, dkt. 52 at ¶ 5.

      Ms. Richards' declarations also suggest - but do not expressly state - that she was unaware of the _Dynowski_ Decision because she did not receive it.[3]  Ms. Richards offers several explanations for the purported non-receipt of the _Dynowski_ Decision: She was out of the office for a period of time because of surgery and physical therapy and her computer system (backup

---

[3]Ms. Richards did state on the record during the October 17, 2017, order to show cause hearing that she did not receive the _Dynowski_ Decision.   However, she offered nothing more to support that statement.

- 6 -

1   included) were rendered inoperable by a virus.  <u>See</u> <u>Reyes</u>, No.

2   17-23817, dkts. 51, 52 at ¶¶ 3-4.  She repeated these reasons on

3   the record during the order to show cause hearing.

4

5   **DISCUSSION**

6   I.    <u>Legal Standard</u>

7         A bankruptcy court has the power to sanction an attorney

8   pursuant to its inherent authority.  <u>Price v. Lehtinen (In re</u>

9   <u>Lehtinen)</u>, 564 F.3d 1052, 1058 (9th Cir. 2009), <u>abrogated on</u>

10  <u>other grounds</u>, <u>Gugliuzza v. FTC (In re Gugliuzza)</u>, 852 F.3d 884,

11  898 (9th Cir. 2017).  The court's inherent authority to sanction

12  is recognized in § 105(a).  <u>See</u> 11 U.S.C. § 105(a); <u>Chambers v.</u>

13  <u>NASCO, Inc.</u>, 501 U.S. 32, 42-47 (1991); <u>Caldwell v. Unified</u>

14  <u>Capital Corp. (In re Rainbow Magazine, Inc.)</u>, 77 F.3d 278, 284

15  (9th Cir. 1996); <u>Knupfer v. Lindblade (In re Dyer)</u>, 322 F.3d

16  1178, 1196-97 (9th Cir. 2003).  Inherent authority sanctions are

17  appropriate when an attorney engages in bad faith or willful

18  misconduct.  <u>Lehtinen</u>, 564 F.3d at 1058.  Reckless conduct

19  coupled with an improper purpose will also suffice.  <u>B.K.B. v.</u>

20  <u>Maui Police Dept.</u>, 276 F.3d 1091, 1108 (9th Cir. 2002); <u>Fink v.</u>

21  <u>Gomez</u>, 239 F.3d 989, 993 (9th Cir. 2001).

22

23  II.   <u>Ms. Richards' Conduct Was Willful and Tantamount to Bad</u>
        <u>Faith.</u>
24
          Ms. Richards violated the <u>Dynowski</u> Decision.  That much is
25
    undisputed.  She filed three bankruptcy cases and one adversary
26
    proceeding in the Eastern District of California Bankruptcy Court
27
    after April 15, 2017, without first taking four hours of
28

                                - 7 -

California State Bar approved participatory continuing legal
education in ethics and without certifying her compliance with
that continuing legal obligation with the clerk of court.  As
discussed below, there is also clear and convincing evidence that
Ms. Richards' violation of the Dynowski decision was willful.

On March 3, 2017, the court, through the Bankruptcy Noticing
Center, sent the Dynowski Decision to Ms. Richards by first class
mail addressed to her business address.  That creates a
presumption, albeit a rebuttable one, that Ms. Richards received
the Dynowski Decision three days later.  Dandino, Inc. v. U.S.
Dept. of Trans., 729 F.3d 917, 921-22 (9th Cir. 2013); Payan v.
Aramark Mgmt. Servs. Ltd. P'ship, 495 F.3d 1119, 1124 (9th Cir.
2007).  Ms. Richards' has not rebutted that presumption.

Ms. Richards' declarations do not expressly state that she
did not receive the Dynowski Decision.  However, construing those
declarations in a light favorable to Ms. Richards, the court can
infer from Ms. Richards' statements in her declarations that she
was unaware of the Dynowski Decision, as buttressed by her
statement in open court, that it is her position that she did not
receive the Dynowski Decision.  But even so, because the Dynowski
Decision was mailed by the court through the Bankruptcy Noticing
Center, Ms. Richards' declarations (construed as declarations of
non-receipt) and her statement to that effect in open court do
not rebut the presumption that she received the Dynowski Decision
sometime on or shortly after March 6, 2017.  Moody v. Bucknum (In
re Bucknum), 951 F.2d 204, 206-07 (9th Cir. 1991); see also
Seminiano v. Xyris Enterprise, Inc., 512 Fed. Appx. 735, 2013 WL
1150781, *2 (9th Cir. 2013) (noting distinction between documents

- 8 -

served by adverse party where a declaration of non-receipt may rebut presumption and a mailing by the court where declaration of non-receipt does not).

Even in those instances when a declaration or statement of non-receipt may be sufficient to rebut the presumption of receipt, the declaration or statement must still be credible. See <u>Seminiano</u>, 2013 WL 1150781, *2. Ms. Richards' declarations and her in-court statement are not credible.[4]  Ms. Richards declarations are not credible because they contain contradictory statements as to when she supposedly first became aware of the <u>Dynowski</u> Decision:  Was it September 12, 2017, or was it "the other day" measured from September 26, 2017, or October 2, 2017? More to the point, the court does not believe that Ms. Richards' never received the <u>Dynowski</u> Decision and only became aware of it some six months after it was filed because the court's September 12, 2017, order to show cause was mailed to Ms. Richards in the same manner and to the same address as the <u>Dynowski</u> Decision and, as noted above, Ms. Richards admits that she received the September 12, 2017, order to show cause.

But even assuming the court found Ms. Richards' testimony and statements credible, her declarations would still be insufficient to rebut the presumption that she received the <u>Dynowski</u> Decision through the mail.  The Ninth Circuit has held that a denial of receipt must be specific and factual.  <u>Nunley v. City of Los Angeles</u>, 52 F.3d 792, 796 (9th Cir. 1995).  Ms. Richards' declarations are neither.  Ms. Richard's declarations

---

[4]Ms. Richards' credibility was previously called into question.  <u>Dynowski</u>, Case No. 15-28574, dkt. 115 at 16:24-26.

1  do not state categorically that she did not receive the Dynowski
2  Decision; rather, as noted above, the court has to infer that and
3  draw that conclusion from the different dates that Ms. Richards
4  states she first became aware of the memorandum and order.  There
5  are also no facts in Ms. Richards' declarations about any
6  circumstances that would support or explain the purported non-
7  receipt.[5]

8      In sum, the court is clearly convinced that Ms. Richards
9  willfully violated the Dynowski Decision because Ms. Richards
10  knew of the Dynowski Decision, and the sanctions and restrictions
11  imposed upon her, when she filed the Reyes bankruptcy case, the
12  Reyes adversary proceeding, and the two Tyler bankruptcy cases.
13  Further sanctions are therefore warranted.

14

15  II.  Alternatively, Ms. Richards' conduct was reckless and
        conduct in which she engaged with and for an improper
16      purpose.

17      At a minimum, Ms. Richards' conduct in filing the Reyes
18  bankruptcy case and the two Tyler bankruptcy cases was reckless.
19  The court advised Ms. Richards at the conclusion of the Dynowski
20  sanctions hearing held on October 31, 2016, that it would issue a
21  written decision.  That means if Ms. Richards did not know of the
22  Dynowski Decision until sometime in or after September 2017, then
23  she did nothing to ascertain her status and determine if she had
24  been sanctioned for nearly a year.  As a member of the state bar

25  _____

26      [5]Ms. Richards does state that she was out of the office for
    a short period of time and her computer system was rendered
27  inoperable by a virus.  However, the former occurred well *before*
    the Dynowski Decision was filed and the latter has no bearing on
28  receipt of the Dynowski Decision through the mail.

1  and an officer of the court, Ms. Richards had an affirmative
2  obligation to ascertain the extent to which she may have been
3  (and in fact was) sanctioned so that she could timely comply with
4  any sanction imposed.  In other words, Ms. Richards should have
5  regularly checked the court's docket or PACER for the court's
6  decision following the sanctions hearing held in the Dynowski
7  case.  Had she done that she would have found the Dynowski
8  Decision at least three months before she first violated it, even
9  assuming she never received it by mail.

10     The Reyes bankruptcy case and the two Tyler bankruptcy cases
11 were also filed for an improper purpose.  Ms. Richards' conduct
12 in those three bankruptcy cases mirrored the conduct that the
13 court found abusive (and for which Ms. Richards was sanctioned)
14 in the Dynowski Decision.  Ms. Richard's conduct in the Reyes and
15 Tyler bankruptcy cases is explained in detail in the memorandum
16 and order filed on September 12, 2017, denying Ms. Richards'
17 motion to vacate the order dismissing this case.  See Reyes, 17-
18 23817, dkt. 43.

19

20 **CONCLUSION**

21     For all the foregoing reasons;

22     IT IS ORDERED that the order to show cause filed in this
23 (Reyes) case on September 12, 2017, at dkt. 45, is SUSTAINED.

24     IT IS FURTHER ORDERED that Ms. Richards is sanctioned Two-
25 Thousand Five Hundred and 00/100 dollars ($2,500.00), which shall
26 be paid to the Clerk of the Bankruptcy Court for the Eastern
27 District of California within ninety (90) days of the date on
28 which this memorandum and order is entered.  Ms. Richards shall

1 also file a certification of payment within three (3) days after
2 payment is made.
3     IT IS FURTHER ORDERED that Ms. Richards is barred from
4 filing any bankruptcy case or adversary proceeding in the United
5 States Bankruptcy Court for the Eastern District of California
6 for a period of one (1) year from the entry of this memorandum
7 and order.
8     Dated:   December 5, 2017.
9
10
     _____
11     UNITED STATES BANKRUPTCY JUDGE
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**INSTRUCTIONS TO CLERK OF COURT**
**SERVICE LIST**

The Clerk of Court is instructed to send the attached document, via the BNC, to the following parties:

Leslie Richards
17337 Ventura Blvd Suite 211
Encino CA 91316

Antonia Darling
Office of the U.S. Trustee
Robert T Matsui United States Courthouse
501 I Street, Room 7-500
Sacramento CA 95814

1

2                    UNITED STATES BANKRUPTCY COURT

3                    EASTERN DISTRICT OF CALIFORNIA

4                         SACRAMENTO DIVISION

5

6    In re                          )
                                    )     Case No. 15-28574-A-13J
7    JOHN DYNOWSKI,                 )
                                    )
8                                   )
                                    )     Date: October 31, 2016
9           Debtor.                 )     Time: 1:30 p.m.
                                    )
10   _____)

11                            **MEMORANDUM**

12        Leslie Richards, the debtor's attorney, filed this case

13   without being a member of the bar of the District Court of the

14   Eastern District of California, and then failed to appear in its

15   proper prosecution.  Sanctions are warranted.

16                                 I

17        This matter originally came before the court as a motion by

18   the chapter 13 trustee (Docket Control No. JPJ-1) seeking to

19   compel attorney Leslie Richards to appear at the meeting of

20   creditors.  This request was made because Ms. Richards failed to

21   appear on December 22, 2015 at the initial meeting.  Although the

22   debtor, John Dynowski, appeared at that meeting, Ms. Richards'

23   absence required the trustee to continue the meeting to January

24   21, 2016.

25        In connection with the January 4 hearing on the trustee's

26   motion, the court noted two additional problems: Ms. Richards

27   filed this case even though she was not admitted to the bar of

28   the Eastern District of California, and she had not filed the fee

                              Appx. 1

disclosure required by Fed. R. Bankr. P. 2016 and 11 U.S.C. §
329.

Despite continuing the hearing on the trustee's motion to
January 19 to give Ms. Richards an opportunity to address these
issues, Ms. Richards failed to appear.

While the court dismissed this bankruptcy case on January 19
at the request of the debtor, it reserved jurisdiction over the
issues of Ms. Richards' compensation and the appropriateness of
sanctions for her failure to represent her client and appear in
the proper prosecution of this case.  See Docket 30.

To that end, the court issued an Order to Show Cause on
January 28, 2016 (see Docket 34) directing Ms. Richards to appear
in person at a hearing on February 29 to determine whether she
should be sanctioned for:

a.   Failing to appear at the meeting of creditors on
December 22, 2015;

b.   Filing this case even though she was not admitted
to the bar of the Eastern District of California; and

c.   Failing to file the fee disclosure required by
Fed. R. Bankr. P. 2016 and 11 U.S.C. § 329(a).


II

Ms. Richards responded to the Order to Show Cause by
admitting she was not a member of the bar of the Eastern District
of California when this case was filed.  Her excuse is that she
"did not realize [she] had to be admitted to the Eastern District
nor was the issue previously brought up. . . ."

Ms. Richards also maintained she was unable to appear at the

2

1  meeting of creditors because of recent knee surgery.

2  Acknowledging she nonetheless had an obligation to represent the

3  debtor at the meeting, Ms. Richards states that she failed to

4  arrange for substitute counsel because her law clerk neglected to

5  calendar the meeting.

6      Finally, Ms. Richards admitted that she did not file a fee

7  disclosure in this case.  However, she believes no disclosure was

8  required because she charged no fee for Mr. Dynowski's

9  representation.

10

11                                III

12      In the course of considering Ms. Richards' response to the

13  August 11 Order to Show Cause, the court determined from a search

14  of its electronic case files that Ms. Richards was the attorney

15  of record for debtors in fourteen cases in this district

16  commenced over a 5-year period, from January 18, 2011 through

17  January 21, 2016.

18      These cases show a remarkably consistent pattern of abuse —

19  failing to file fee disclosures, failing to file required

20  documents, and failing to attend meetings of creditors.  The

21  court concludes from the record in the case now before it, as

22  well as these prior cases, that Ms. Richards is aiding debtors in

23  an abuse of the bankruptcy process that is calculated to hinder,

24  delay, and defraud lenders in their efforts to foreclose and/or

25  repossess their real property collateral.

26      This table summarizes the cases filed by Ms. Richards.

27

28

| Case No./ Debtor | Chap. | 2016(b) filed/ amount paid | Disposition | Foreclosure/ Eviction? | First meeting attended? |
|---|---|---|---|---|---|
| 16-10139 Hyatt | 13 | yes - $2500 | filed 1/21/16 dismissed 2/19/16 before meeting | Dkt. #41. Case filed 1 day before answer due in unlawful detainer | NA |
| 15-14857 Starr | 13 | yes - $750 | filed 12/20/15 dismissed 4/8/16 | Dkt #52. Home in foreclosure | Counsel and debtor failed to appear |
| 16-10088 Starr | 7 | no | filed 11/19/15 dismissed 3/3/16 before meeting | Dkt #40. Debtor asks for dismissal because he has "discovered a mortgage modification program" | NA |
| 16-20084 Tracy | 7 | no | filed 11/18/15 dismissed 2/23/16 | Dkt #17. Home in foreclosure | Counsel and debtor failed to appear |
| 15-28574 Dynowksi | 13 | no | filed 11/3/15 voluntarily dismissed 6/20/16 | Dkt #47.Case filed 1 day before hearing on summary judgment motion in unlawful detainer | Debtor appeared but counsel did not |
| 15-22785 Tracy | 7 | no | filed 4/6/15 dismissed 4/24/15 before meeting | See Case No 16-20084 | NA |
| 15-21755[1] Dynowski | 7 | yes - $1000 | filed 3/5/15 discharge 7/20/15 | See Case Nos. 15-28574 & 14-31822 | Counsel and debtor appeared |

---

[1]     A comparison of the three petitions filed by Debtor Dynowski shows his signature on two petitions, Case Nos. 14-31822 and 15-28574, is a "wet ink" signature, but the petition in Case No. 15-21755 is signed "/s/ John A Dynowski". This court's local rules permit either form of signature. See Local Bankruptcy Rule 9004-1(c)(1)(B). However, when the latter form is used, Local Bankruptcy Rule 9004-1(c)(1)(D), provides:
"When "/s/ Name" . . . is used in an electronically filed document to indicate the required signature(s) of persons other than that of the registered user, the registered user shall retain the originally signed document in paper form for no less than three (3) years following the closing of the case. On request of the Court, U.S. Trustee, U.S. Attorney, or other party, the registered user shall produce the originally signed document(s) for review. The failure to do so may result in the imposition of sanctions on the Court's own motion, or upon motion of the case trustee, U.S. Trustee, U.S. Attorney, or other party."
At the hearing on the order to show cause both Ms. Richards and Mr. Dynowski admitted he never signed the petition in Case No. 15-21755. Ms. Richards does not have a copy of the petition with Mr. Dynowski's wet ink signature.

| | | | | | |
|---|---|---|---|---|---|
| 14-31822 Dynowski | 7 | no | filed 12/4/15 dismissed 12/15/14 before meeting | Dkt #35. Case filed 6 minutes before home foreclosure | NA |
| 13-31031 Rodriguez | 7 | no | filed 8/22/13 dismissed 9/3/13 before meeting | | NA |
| 13-30462 Manzo | 7 | no | filed 8/8/13 dismissed 8/19/13 before meeting | | NA |
| 13-15329 Gutierrez | 11 | no + incomplete employment application | filed 8/5/13 dismissed 10/3/13 on UST motion before meeting | Dkt #24. Creditor attempting to foreclose on rental properties. | NA |
| 11-90725 Pinheiro | 7 | yes - $1000 | filed 2/28/11 discharge 6/6/11 | Dkt #19. Foreclosing creditor attempting to enforce writ of possession | Counsel and debtor appeared |
| 11-24004 Ascencion | 13 | no | filed 2/27/11 dismissed 3/8/11 | See next case. | NA |
| 11-21249 Ascencion | 7 | yes - $1200 | filed 1/18/11 dismissed 2/8/11 before meeting | Dkt #1. Schedules list under-secured home mortgage. No foreclosure or eviction noted on docket. | NA |

1    A review of the dockets of these cases shows the following:

2    •    Over a 5-year period, Ms. Richards filed twelve

3         bankruptcy cases in the Eastern District of

4         California.  Two more cases, Case Nos. 16-10088

5         and 16-20084, were filed in the Central District

6         of California on November 18 and 19, 2015 and then

7         transferred to the Eastern District at the

8         debtors' requests.  All fourteen cases were filed

9         for individual consumer debtors.  Nine of these

10        cases were filed under chapter 7, four under

11        chapter 13, and one under chapter 11.

12

13   •    In only 2 of the 14 cases, both chapter 7 cases,

14        did the debtor receive a discharge.  One case was

15        voluntarily dismissed.  Eleven cases were

16        dismissed because the debtors failed to file

17        required statements, schedules, or a proposed

18        plan, or failed to appear at the meeting of

19        creditors.

20

21   •    In none of the reorganization cases, whether under

22        chapter 11 or 13, did the debtor confirm, much

23        less complete, a plan.

24

25   •    In 9 of the 14 cases, Ms. Richards failed to file

26        the fee disclosure required by 11 U.S.C. § 329(a)

27        and  Fed. R. Bankr. P. 2016(b).

28

- In the five cases where disclosures were filed,
  Ms. Richards received fees of $2,500, $750,
  $1,000, $1,000 and $1,200 before the cases were
  filed.  Two of these five cases were dismissed
  before the meeting of creditors, one was dismissed
  because Ms. Richards and her client failed to
  appear at the meeting of creditors, and in two
  cases the debtors received chapter 7 discharges.

- 11 of the 12 cases filed in the Eastern District
  (this excludes the two cases filed in the Central
  District and then transferred to the Eastern
  District) were filed by Ms. Richards even though
  she was not a member of the bar of the Eastern
  District of California.  She became a member on
  January 14, 2016, after this court noted in a
  ruling on a motion in Case No. 15-28574 that Ms.
  Richards was not a member of its bar.

- 9 of the 14 cases were dismissed before the first
  meeting of creditors could be conducted.  Of the 5
  cases not dismissed prior to the meeting, Ms.
  Richards failed to appear at the meeting in 3
  cases.

- 10 of the 14 cases were filed to delay a home
  foreclosure or a post-foreclosure unlawful

detainer action.[2]  This is evident from motions or
objections filed by the foreclosing creditor as
well as admissions in documents filed by the
debtors.  The dockets of the other four cases give
no clue as to whether those debtors were
attempting to delay foreclosures or unlawful
detainer actions.  Each of these four cases (Case
Nos. 13-31031, 13-30462, 11-24004, and 11-21249)
was dismissed soon after filing because the debtor
failed to file required lists, statements, or
schedules.  Possibly because these cases were
dismissed soon after filing, nothing was filed,
either by the debtor, a creditor, or the trustee,
indicating that the debtor's home had been
foreclosed or was in foreclosure.

• Ms. Richards filed more than one bankruptcy case
for four different debtors: she filed two cases
for debtor Starr, two for debtor Tracy, three for
debtor Dynowski, and two for debtor Ascencion.[3]

Not on the chart are three cases filed by Ms. Richards on
behalf of Debtors Hyatt, Rodriquez, and Gutierrez in other
districts.

_____

[2]  But see footnote 3 below.

[3]  As discussed below, if cases filed in other districts
are included, Ms. Richards has filed multiple cases for seven
different debtors.

1    Ms. Richards filed Case No. 13-14248, a chapter 7 petition,
2  for Debtor Gutierrez in the Central District of California on
3  June 25, 2013.  The case was dismissed on July 26, 2013 because
4  the debtor failed to file all mandatory lists, schedules and
5  statements.  This dismissal was followed by the filing of a
6  second case, this time under chapter 11, in the Eastern District
7  on August 5, 2013.  The chapter 11 case was dismissed on October
8  3, 2013 on the motion of the United States Trustee.  The debtor
9  failed to schedule all real property assets, file monthly
10  operating reports, provide proof of insurance, and provide copies
11  of financial records to the United States Trustee.
12    Ms. Richards filed Case No. 15-13055 on behalf of Debtor
13  Hyatt in the Central District of California on September 14,
14  2015.  That case was dismissed just nine days later when the
15  debtor failed to file a statement of social security number and a
16  master address list.  A second case, Case No. 16-10139, was filed
17  for Debtor Hyatt in the Eastern District on January 21, 2016.  It
18  was dismissed on February 19 when the debtor failed to propose a
19  chapter 13 plan.
20    Debtor Rodriguez filed a chapter 13 petition, Case No. 13-
21  45399, on September 25, 2013 in the Northern District of
22  California with the assistance of Ms. Richards.  The case was
23  dismissed due to the debtor's failure to file all lists,
24  schedules, and statements.  The Northern District case was filed
25  less than three weeks after Case No. 13-31031 filed in the
26  Eastern District was dismissed because the debtor had failed to
27
28

9

1 file all lists, schedules, and statements.[4]

2

3                                    IV

4     Ms. Richards explanation of, and justifications for, her

5 conduct in this case, particularly when evaluated in light of the

6 other cases she filed in this district, do not hold water.

7

8          A.    Admission to the Bar of the Eastern District

9     Ms. Richards maintains that she did not know she was

10 required to be admitted to the bar of this court before

11 practicing in it.  Further, she maintains that no one told her

12 she was required to be a member of the court's bar.

13     It is difficult to believe that any attorney is unaware of

14 the necessity of being admitted to the bar of a court in which

15 they intend to practice.  Nor does the court believe that this

16 requirement was never brought to Ms. Richards' attention.

17     Ms. Richards filed documents in this case electronically.

18 In order to be authorized to file electronically, she had to

19 _____

20     [4]    Interestingly, document #14 on the docket of the
Northern District case, a motion to vacate the dismissal, admits
21 that the case was filed to halt a foreclosure of the debtor's
home on September 26, 2013, the day after the case was filed.
22 The chart above indicates that there is nothing on the docket of
Eastern District Case No. 13-31031 indicating that the debtor was
23 attempting to halt a foreclosure or eviction.  With the admission
made in the Northern District case, this means that 11 of the 14
24 cases in the Eastern District were filed to stop foreclosures or
25 evictions.
    It also is interesting that the motion to vacate the
26 dismissal of the Northern District case indicates that documents
were not filed timely because a paralegal in Ms. Richards' office
27 had failed to calendar the filing deadline.  This is reminiscent
of the excuse offered in the case now before the court for the
28 failure to appear at the meeting of creditors.

1  register with the clerk of this court.  The registration process
2  is done over the Internet.  Ms. Richards' registration form was
3  received by the clerk on December 15, 2010.  A copy of it is
4  appended to Docket 97, the court's earlier August 11 Memorandum.

5      Section 1 of Ms. Richards' registration form advises that an
6  attorney must be a member of the bar of this court in order to
7  file documents electronically.  And, in section 2, "Eligibility",
8  Ms. Richards represented to the clerk that she was "an attorney
9  admitted to the bar of the U.S. District Court for the Eastern
10  District of California and currently [is] in good standing."

11      The registration form makes clear that in order to file
12  documents electronically, an attorney must be a member of this
13  court's bar, or admitted to it *pro hac vice*, or be exempt from
14  admission.  Hence, even if it somehow escaped Ms. Richards'
15  notice over 35 years of practicing law that admission to the bar
16  of a federal court was necessary before filing a case in it, the
17  registration process clearly informed her of the requirement.

18      Ms. Richards misrepresented in 2010 that she was a member of
19  this court's bar.  This was untrue when this case was filed, and
20  it was untrue when she filed twelve other cases over a five year
21  period.  Ms. Richards was not admitted to this court's bar until
22  January 14, 2016.

24      B.    Failure to Appear at the Meeting of Creditors
25      Ms. Richards does not deny that she failed to appear at the
26  meeting of creditors.  She claims she was medically unable to
27  appear.  But, if Ms. Richards' evidence is to be believed, this
28  is not the reason for her nonappearance.  She did not appear

11

1 because her law clerk failed to calendar the meeting.

2     The court believes none of this.  Neither Ms. Richards nor

3 anyone in her stead ever intended to appear at the meeting

4 because the debtor never intended to prosecute this case, his

5 third in the space of eleven months.  This case was intended only

6 to delay and harass a lender who had foreclosed on the debtor's

7 home.[5]  The debtor's first case was filed to stop the lender's

8 nonjudicial foreclosure and his third case was filed to halt an

9 adverse result in its unlawful detainer action.

10     This is corroborated by the other cases filed by Ms.

11 Richards in this court.

12         – Most were not prosecuted and most were filed on behalf of

13         debtors hoping to derail foreclosures and/or evictions.

14         – Ten of fourteen cases were dismissed prior to the meeting

15         of creditors because schedules, statements, lists and/or a

16         plan were not filed.

17         – Two more of the fourteen cases were dismissed after the

18         meeting because the debtor and counsel failed to appear at

19         it.

20         – Ms. Richards or another attorney in her place appeared at

21         the meeting of creditors in only two cases out of fourteen.

22         – Perhaps most telling is that the fact that no

23         reorganization case filed by Ms. Richards in this court over

24         the last five years has resulted in the confirmation of a

25

26     [5]     The court previously authored a lengthy written ruling
detailing the debtor's bad faith filing of cases in this court to
27 hinder and delay Pennymac Holdings' nonjudicial foreclosure of
his home and his later eviction.  See Case No. 14-31822, Docket
28 #57.

plan.

Of course, there is nothing wrong with filing a bankruptcy case that halts a foreclosure or an eviction.  This rises to contumacious conduct when the case is used to hinder, delay, or defraud creditors and without any genuine intent and effort to obtain a discharge and/or reorganize debt.

That is exactly what the debtor was doing in his first and third cases filed with Ms. Richards' help.  These cases were filed on the eve of a foreclosure or an eviction and then the debtor failed to properly prosecute the cases by filing required documents and appearing at the meeting of creditors.  The debtor was hoping to delay his home lender as long as possible by acquiring the automatic stay of 11 U.S.C. § 362(a) without prosecuting the bankruptcy case.

And, as the chart above corroborates, Ms. Richards is all too familiar with this tactic.

### C.    Failure to Disclose Fees

Ms. Richards did not file the fee disclosure required by section 329(a) and Rule 2016(b) because she was paid nothing by the debtor for work in connection with this case.  Assuming this is true, Ms. Richards nonetheless was required to file a disclosure indicating nothing was paid to her.

Section 329(a) and Rule 2016(b) require every debtor's attorney to file a statement of the compensation paid and to be paid for services rendered in connection with the bankruptcy case.  This disclosure must be made with reference to compensation paid or agreed to be paid within the year prior to

13

1   the filing of the bankruptcy case or after it is filed.

2   Disclosure is mandatory and it must continue throughout the case.

3   See <u>Turner v. Davis, etc. (In re Investment Bankers, Inc.</u>), 4

4   F.3d 1556 (10th Cir. 1993).

5      This disclosure permits the court to scrutinize compensation

6   paid to a debtor's attorney even in the absence of an objection

7   to it.  The court is charged with insuring that compensation is

8   reasonable.  <u>See</u> 11 U.S.C. § 329(b).

9      If an attorney enters into an agreement to file a bankruptcy

10   case for no compensation, such must be disclosed.  The absence of

11   a disclosure would only create an ambiguity – did counsel get

12   paid but fail to make the disclosure, or was counsel representing

13   the debtor without charge?  There would be no way to determine

14   what the attorney and the debtor had agreed to without issuing an

15   order and requiring the parties to appear and explain themselves.

16      Ms. Richards is in business.  She practices law as a

17   business.  She does not operate a pro bono legal clinic.

18      The court does not believe Ms. Richards was paid nothing for

19   her services in this case.  Ms. Richards represented the debtor

20   in a state court unlawful detainer action.  Before that action

21   was filed, she represented him outside of the bankruptcy court in

22   connection with a nonjudicial foreclosure.  She was paid a fee

23   for these services.  In fact, the debtor and his partner gave Ms.

24   Richards a debit card linked to one of their accounts so she

25   could draw money for her fees.

26      In the effort to stop the foreclosure and the subsequent

27   eviction, Ms. Richards filed three bankruptcy cases for the

28   debtor, including the one now before the court.  Given the

1 failure to propose a plan, the failure to file schedules and
2 statements, and the failure of an attorney to appear the meeting
3 of creditors, it is a reasonable surmise that this case was filed
4 just to acquire the automatic stay in order to prolong and delay
5 the unlawful detainer action.  Ms. Richards and her client never
6 intended to prosecute this case to its conclusion.

7     This conclusion is buttressed by the chart above which shows
8 Ms. Richards' repeated misuse of the automatic stay over the last
9 five years.  Whatever this debtor (and the other debtors) paid
10 Ms. Richards, and however it was nominally accounted for by her,
11 it was paid in contemplation of a bankruptcy petition filed to
12 derail or delay a foreclosure and eviction.  When paying Ms.
13 Richards for her services, it was within the fair contemplation
14 of the parties that a bankruptcy case could be filed.  See e.g.,
15 In re Gage, 394 B.R. 184, 194 (Bankr. N.D. Ill. 2008).
16 Therefore, full disclosure of that compensation should have been
17 made to this court by Ms. Richards.

18     Finally, the fact that Ms. Richards ostensibly charged
19 nothing for this bankruptcy case (and eight other cases filed
20 over the last five years in this district) is corroboration for
21 the lack of good faith in filing it.  She had no intention of
22 filing schedules, statements, or a plan, appearing at the
23 meeting, or otherwise prosecuting the case.  It was filed purely
24 to harass the foreclosing creditor and to delay an eviction.

25

26                                  V

27     The $1,000 sanction assessed against Ms. Richards in the
28 court's August 11 Order was for the conduct described in Part VI

1  of this Memorandum.  That order also directed Ms. Richards to

2  show cause why she should not be sanctioned further for filing

3  this case for the apparent improper purpose of harassing,

4  delaying, and causing unnecessary expense to the debtor's

5  foreclosing home lender.  The Memorandum accompanying the August

6  11 order included all of the information summarized above

7  concerning the other cases filed by Ms. Richards in this district

8  over the last five years.

9      After considering her response to the August 11 order, and

10  based on the findings summarized above, the court concludes that

11  clear and convincing evidence establishes Ms. Richards' bad faith

12  and willful misconduct as follows:

13      1.  Ms. Richards filed this case, and eleven others, without

14  being a member of the bar of this court.  In addition, she

15  appeared in two cases filed in other districts and then

16  transferred them to this district.  When this case was filed, Ms.

17  Richards knew she was not a member of this court's bar and had

18  misrepresented that she was a member of it.

19      2.  Ms. Richards failed to file a fee disclosure as required

20  by section 329(a) and Rule 2016(b).

21      3.  This case (and others) was filed without any intention

22  of prosecuting it to conclusion.  It was filed solely to acquire

23  the automatic stay in order to hinder and delay a foreclosure and

24  an eviction.  The court does not believe the assertion by Ms.

25  Richards or the debtor that this case was filed with the genuine

26  purpose of reorganizing the debtor's home loan or other finances.

27      Therefore, sanctions are appropriate.  See Chambers v.

28  NASCO, Inc., 501 U.S. 32, 42-47 (1991); Caldwell v. Unified

16

1  Capital Corp. (In re Rainbow Magazine, Inc.), 77 F.3d 278, 284

2  (9th Cir. 1996); Knupfer v. Lindblade (In re Dyer), 322 F.3d

3  1178, 1196-1197 (9th Cir. 2003).

4      The court has already assessed $1,000 in sanctions against

5  Ms. Richards pursuant to its Order to Show Cause of January 28,

6  2016.  See Dockets 34 and 96.  Ms. Richards paid the sanctions on

7  September 1, 2016 and also filed a belated disclosure of

8  compensation on September 15, 2016.  The final issue is whether

9  an additional sanction is appropriate given conclusion 3

10  immediately above.

11      Rather than assess further monetary sanctions, the court

12  will bar Ms. Richards, effective from April 15, 2017, filing new

13  bankruptcy cases or proceedings in the Eastern District of

14  California until she has completed at least four hours of

15  continuing legal education in legal ethics that the State Bar of

16  California approves as meeting standards for Minimum Continuing

17  Legal Education, that is taught by a provider approved by the

18  State Bar, and that is not self-study but a participatory

19  activity for which the provider verifies attendance.  Proof of

20  attendance shall be provided to the clerk of this court when the

21  four hours of education has been completed.

22      A final order shall issue.

23  Dated: February 28, 2017                By the Court:

24

25

26                                          Michael S. McManus
                                            United States Bankruptcy Judge
27

28

# Instructions to Clerk of Court
## Service List – Not Part of Order/Judgment

The Clerk of Court is instructed to send the Order/Judgment or other court generated document transmitted herewith to the parties below. The Clerk of Court will send the Order via the BNC.

John A Dynowski
7445 Morningside Way
Citrus Heights CA 95621

Jan P. Johnson
PO Box 1708
Sacramento CA 95812

Office of the U.S. Trustee
Robert T Matsui United States
Courthouse
501 I Street, Room 7-500
Sacramento CA 95814

PennyMac Corp
c/o Aldridge Pite, LLP
4375 Jutland Drive #200
PO Box 17933
San Diego CA 92177-0933

Leslie Richards
17337 Ventura Blvd Suite 211
Encino CA 91316

Mark A. Wolff
8861 Williamson Dr #30
Elk Grove CA 95624-7920

FILED

MAR 1 2017

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

|  |  |
|---|---|
| In re | Case No. 15-28574-A-13J |
| JOHN DYNOWSKI, | |
| Debtor. | Date: October 31, 2016<br>Time: 1:30 p.m. |

**ORDER**

For the reasons given in the accompanying Memorandum, it is

ORDERED:

Attorney Leslie Richards, effective from April 15, 2017, shall not file new bankruptcy cases or proceedings in the Eastern District of California until she has completed at least four hours of continuing legal education in legal ethics that the State Bar of California approves as meeting standards for Minimum Continuing Legal Education, that is taught by a provider approved by the State Bar, and that is not self-study but a participatory activity for which the provider verifies attendance. Proof of attendance shall be provided to the clerk of this court when the four hours of education has been completed.

///

Appx. 2

1    To satisfy this order, Ms. Richards may complete the
2    continuing legal education in ethics any time after the date of
3    this order.
4        This order does not bar Ms. Richards from appearing in
5    bankruptcy cases and proceedings filed prior to April 15, 2017.
6    Dated: March 01, 2017                    By the Court,
7
8    _____
9                                            Michael S. McManus
                                             United States Bankruptcy Judge
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

1

2

3

4

5    **UNITED STATES BANKRUPTCY COURT**

6    **EASTERN DISTRICT OF CALIFORNIA**

7

8

| | | |
|---|---|---|
| In re | ) | Case Nos. |
| | ) | |
| TOURE R. TYLER and ROLANDA C. TYLER, | ) | 17-13464-B-13 |
| Debtors. | ) | |
| | ) | |
| RAFAEL A. REYES and VILLA REYES, | ) | 17-23817-B-13 |
| Debtors. | ) | |
| | ) | |
| TOURE R. TYLER and ROLANDA C. TYLER, | ) | 17-11558-A-13 |
| Debtors. | ) | |
| | ) | |
| JOHN A. DYNOWSKI, | ) | 15-28574-A-13 |
| Debtor. | ) | |
| | ) | |
| DUKE PARTNERS II, LLC, | ) | 17-23817-B-13 |
| Plaintiff, | ) | |
| v. | ) | Adv. 17-2127 |
| RAFAEL REYES and VILLA REYES, | ) | |
| Defendants. | ) | |

**ORDER ASSIGNING TO THE HON. CHRISTOPHER D. JAIME
REVIEW OF LEGAL SERVICES PROVIDED BY
LESLIE RICHARDS, ESQ. FOR CASES FILED IN THE
U.S. BANKRUPTCY COURT FOR THE EASTERN DISTRICT OF CALIFORNIA**

Appx. 3

Leslie Richards, Esq. ("Attorney Richards") is an attorney representing debtors in various cases filed in the Bankruptcy Court for the Eastern District of California. Issues concerning that representation have previously arisen in those cases which have been pending before different judges in this District. To provide for the uniform and consistent addressing of these issues for Attorney Richards and the Court, the judges in this District have agreed for the review of those issues and the action to be taken by the Court, if any, shall be assigned to one judge for review and determination.

The undersigned, as Chief Bankruptcy Judge in this District, assigns to Bankruptcy Judge Christopher D. Jaime all issues relating to the conduct of Attorney Richards serving as an attorney for parties in this District, the corrective action (if any) to be taken, the documentation of compliance by Attorney Richards with orders of the court, and the possible referral of such conduct to the Chief Judge of the United States District Court for consideration with respect to an attorney's admission to practice in the Eastern District of California, in the following cases and proceedings:

A.   *In re Toure and Rolanda Tyler*, Bankr. E.D. Cal. 17-13464

      1.   Filed.......................................September 10, 2017
      2.   Dismissed................................September 29, 2017

B.   *Duke Partners II, LLC v. Reyes et. al*, Bankr. E.D. Cal. Adv. 17-02127

      1.   Removed to Federal Court......July 17, 2017
      2.   Remanded to State Court................September 6, 2017

C.   *In re Rafael and Villa Reyes*, Bankr. E.D. Cal. 17-23817

      1.   Filed.......................................June 6, 2017
      2.   Dismissed................................July 26, 2017

D.   *In re Toure and Rolanda Tyler*, Bankr. E.D. Cal. 17-11558

      1.   Filed.......................................April 23, 2017
      2.   Dismissed................................May 12, 2017

E.   *In re John A. Dynowski*, Bankr. E.D. Cal. 15-28574

      1.   Filed.......................................November 3, 2015
      2.   Dismissed................................June 20, 2016

In the *Dynowski* case, the Hon. Michael S. McManus, bankruptcy judge, entered an Order barring Attorney Richards from filing new bankruptcy cases or proceedings in the Eastern District of California Bankruptcy Court, effective April 15, 2017, until she completed further ethics

1    education and documented such completion with the Clerk of the Court.    15-28547; Order,

2    Dckt. 114.

3         In his Memorandum Opinion and Decision in *Dynowski* relating to the above Order, Judge

4    McManus reviews the conduct of Attorney Richards in representing debtors in this court in the cases

5    filed by her.  Attached hereto as Addendum "A" is Judge McManus' Memorandum Opinion and

6    Decision addressing such conduct, which includes his determination that:

7

8         **These cases show a remarkably consistent pattern of abuse** – failing to file fee disclosures, failing to file required documents, and failing to attend meetings of creditors. **The court concludes** from the record in the case now before it, as well as

9    these prior cases, that **Ms. Richards is aiding debtors in an abuse of the bankruptcy process** that is **calculated to hinder, delay, and defraud** lenders in

10    their efforts to foreclose and/or repossess their real property collateral.

11    15-28574; Mem. Op. and Dec., p. 3: 18–25, Dckt. 115 (emphasis added).

12         In his Memorandum Opinion and Decision, Judge McManus surveys the representation

13    provided by Attorney Richards in fourteen (14) cases filed in this District.  *Id.* at 4–8.  The court has

14    identified three additional cases filed by Attorney Richards.  These cases include (continuing the

15    numbering from above):

16        F.    *In re Rafael and Villa Reyes*, Bankr. E.D. Cal. 17-22413

17                1.    Filed......................................April 11, 2017
            2.    Dismissed.........................................May 1, 2017

18

19        G.    *In re Toure and Rolanda Tyler*, Bankr. E.D. Cal. 17-10177

20                1.    Filed......................................January 20, 2017
            2.    Dismissed.........................................March 6, 2017

21        H.    *In re Raf[a]el and Villa Reyes*, Bankr. E.D. Cal. 17-20282

22                1.    Filed......................................January 17, 2017
            2.    Dismissed.........................................March 1, 2017

23

24        I.    *In re David Leigh Hyatt*, Bankr. E.D. Cal. 16-10139

25                1.    Filed......................................January 21, 2016
            2.    Dismissed.........................................February 19, 2016

26        J.    *In re Ronald Leon Starr*, Bankr. E.D. Cal. 15-14857

27                1.    Filed......................................December 20, 2015
            2.    Dismissed.........................................April 8, 2016

28

K.   *In re Ronald Leon Starr*, Bankr. E.D. Cal. 16-10088

      1.   Filed..........................................November 19, 2015
      2.   Dismissed..................................March 3, 2016

L.   *In re Mary Tracy*, Bankr. E.D. Cal. 16-20084

      1.   Filed..........................................November 18, 2015
      2.   Dismissed..................................January 3, 2016

M.   *In re John A. Dynowski*, Bankr. E.D. Cal. 15-28574

      1.   Filed..........................................November 3, 2015
      2.   Dismissed..................................June 20, 2016

N.   *In re Mary Tracy*, Bankr. E.D. Cal. 15-22785

      1.   Filed..........................................April 6, 2015
      2.   Dismissed..................................April 24, 2015

O.   *In re John A. Dynowski*, Bankr. E.D. Cal. 15-21755

      1.   Filed..........................................March 5, 2015
      2.   Chapter 7 Discharge.........................July 20, 2015

P.   *In re John A. Dynowski*, Bankr. E.D. Cal. 14-31822

      1.   Filed..........................................December 4, 2014
      2.   Dismissed..................................December 15, 2014

Q.   *In re Samuel Rodriguez*, Bankr. E.D. Cal. 13-31031

      1.   Filed..........................................August 22, 2013
      2.   Dismissed..................................September 3, 2013

R.   *In re Ronald Manzo*, Bankr. E.D. Cal. 13-30462

      1.   Filed..........................................August 8, 2013
      2.   Dismissed..................................August 19, 2013

S.   *In re Cecilio and Norma Gutierrez*, Bankr. E.D. Cal. 13-15329

      1.   Filed..........................................August 5, 2013
      2.   Dismissed..................................October 3, 2013

T.   *In re Kelly Pinheiro*, Bankr. E.D. Cal. 11-90725

      1.   Filed..........................................February 28, 2011
      2.   Chapter 7 Discharge.........................June 6, 2011

U.   *In re Relucio Ascencion*, Bankr. E.D. Cal. 11-24004

      1.   Filed..........................................February 17, 2011
      2.   Dismissed..................................March 8, 2011

1    V.    *In re Relucio and Roxanne Ascencion*, Bankr. E.D. Cal. 11-21249

2         1.    Filed.........................................January 18, 2011
         2.    Dismissed...................................February 8, 2011

3

4    The above listed additional cases and those in which the court has assigned to Judge Jaime the issues

5    relating to Attorney Richards' conduct, represent the entire universe of cases in which Attorney

6    Richards has appeared in the Bankruptcy Court in this District. Judge McManus's Memorandum

7    Opinion and Decision includes a discussion of cases filed for some of the above debtors by Attorney

8    Richards in other districts.

9         After discussing the prior and possible monetary sanctions, Judge McManus concludes in

10   the Memorandum Opinion and Decision:

11         Rather than assess further monetary sanctions, the court will **bar
     Ms. Richards**, effective **from April 15, 2017**, filing new bankruptcy cases or
12   proceedings in the Eastern District of California **until she has completed at least
     four hours of continuing legal education in legal ethics** that the State Bar of
13   California approves as meeting standards for Minimum Continuing Legal Education,
     that is taught by a provider approved by the State Bar, and that is not self-study but
14   a participatory activity for which the provider verifies attendance. **Proof of
     attendance shall be provided to the clerk of this court** when the four hours of
15   education has been completed.

16   *Id.* at 17:11-21 (emphasis added).

17         There is no record of Attorney Richards having completed the required ethics continuing

18   education or having provided the Clerk of the Court with proof of any such continuing education

19   having been completed.

20         Therefore, the judges in this District have determined that further review and enforcement

21   of the prior order requiring the continuing education and barring Attorney Richard filing cases or

22   proceedings in this court is warranted.

23         For any of the above cases or proceedings which have been closed by the Clerk of the Court,

24   an order reopening such cases for purposes of the Hon. Christopher D. Jaime conducting the review,

25   determining action to be taken (if any), and the enforcement of such action will be issued.

26         Any hearings in the assigned matter shall be set by the Hon. Christopher D. Jaime in the

27   Sacramento Division Courthouse, without regard to the Division in which the above cases have been

28   filed.

5

1       The Clerk of the Court shall serve a copy of this Order on Leslie Richards, Esq. and the

2 Office of the U.S. Trustee. The Clerk shall also deliver informational copies of this Order to the

3 judges in the four bankruptcy cases and the one adversary proceeding for which the above matters

4 concerning Attorney Richards are assigned to the Hon. Christopher D. Jaime.

5

**Dated:** October 05, 2017         **By the Court**

6

7

8

9 Ronald H. Sargis, Judge
United States Bankruptcy Court

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# ADDENDUM "A"

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

In re                                    )          Case No. 15-28574-A-13J
                                         )
JOHN DYNOWSKI,                           )
                                         )
                                         )          Date: October 31, 2016
          Debtor.                        )          Time: 1:30 p.m.
                                         )
_____        )

## MEMORANDUM

Leslie Richards, the debtor's attorney, filed this case without being a member of the bar of the District Court of the Eastern District of California, and then failed to appear in its proper prosecution.  Sanctions are warranted.

I

This matter originally came before the court as a motion by the chapter 13 trustee (Docket Control No. JPJ-1) seeking to compel attorney Leslie Richards to appear at the meeting of creditors.  This request was made because Ms. Richards failed to appear on December 22, 2015 at the initial meeting.  Although the debtor, John Dynowski, appeared at that meeting, Ms. Richards' absence required the trustee to continue the meeting to January 21, 2016.

In connection with the January 4 hearing on the trustee's motion, the court noted two additional problems: Ms. Richards filed this case even though she was not admitted to the bar of the Eastern District of California, and she had not filed the fee

disclosure required by Fed. R. Bankr. P. 2016 and 11 U.S.C. §
329.

Despite continuing the hearing on the trustee's motion to
January 19 to give Ms. Richards an opportunity to address these
issues, Ms. Richards failed to appear.

While the court dismissed this bankruptcy case on January 19
at the request of the debtor, it reserved jurisdiction over the
issues of Ms. Richards' compensation and the appropriateness of
sanctions for her failure to represent her client and appear in
the proper prosecution of this case. See Docket 30.

To that end, the court issued an Order to Show Cause on
January 28, 2016 (see Docket 34) directing Ms. Richards to appear
in person at a hearing on February 29 to determine whether she
should be sanctioned for:

    a.   Failing to appear at the meeting of creditors on
December 22, 2015;

    b.   Filing this case even though she was not admitted
to the bar of the Eastern District of California; and

    c.   Failing to file the fee disclosure required by
Fed. R. Bankr. P. 2016 and 11 U.S.C. § 329(a).

II

Ms. Richards responded to the Order to Show Cause by
admitting she was not a member of the bar of the Eastern District
of California when this case was filed. Her excuse is that she
"did not realize [she] had to be admitted to the Eastern District
nor was the issue previously brought up. . . ."

Ms. Richards also maintained she was unable to appear at the

1  meeting of creditors because of recent knee surgery.

2  Acknowledging she nonetheless had an obligation to represent the

3  debtor at the meeting, Ms. Richards states that she failed to

4  arrange for substitute counsel because her law clerk neglected to

5  calendar the meeting.

6      Finally, Ms. Richards admitted that she did not file a fee

7  disclosure in this case.  However, she believes no disclosure was

8  required because she charged no fee for Mr. Dynowski's

9  representation.

10

11                          III

12      In the course of considering Ms. Richards' response to the

13  August 11 Order to Show Cause, the court determined from a search

14  of its electronic case files that Ms. Richards was the attorney

15  of record for debtors in fourteen cases in this district

16  commenced over a 5-year period, from January 18, 2011 through

17  January 21, 2016.

18      These cases show a remarkably consistent pattern of abuse –

19  failing to file fee disclosures, failing to file required

20  documents, and failing to attend meetings of creditors.  The

21  court concludes from the record in the case now before it, as

22  well as these prior cases, that Ms. Richards is aiding debtors in

23  an abuse of the bankruptcy process that is calculated to hinder,

24  delay, and defraud lenders in their efforts to foreclose and/or

25  repossess their real property collateral.

26      This table summarizes the cases filed by Ms. Richards.

27

28

                          3

| Case No./ Debtor | Chap. | 2016(b) filed/ amount paid | Disposition | Foreclosure/ Eviction? | First meeting attended? |
|---|---|---|---|---|---|
| 16-10139 Hyatt | 13 | yes - $2500 | filed 1/21/16 dismissed 2/19/16 before meeting | Dkt. #41. Case filed 1 day before answer due in unlawful detainer | NA |
| 15-14857 Starr | 13 | yes - $750 | filed 12/20/15 dismissed 4/8/16 | Dkt #52. Home in foreclosure | Counsel and debtor failed to appear |
| 16-10088 Starr | 7 | no | filed 11/19/15 dismissed 3/3/16 before meeting | Dkt #40. Debtor asks for dismissal because he has "discovered a mortgage modification program" | NA |
| 16-20084 Tracy | 7 | no | filed 11/18/15 dismissed 2/23/16 | Dkt #17. Home in foreclosure | Counsel and debtor failed to appear |
| 15-28574 Dynowksi | 13 | no | filed 11/3/15 voluntarily dismissed 6/20/16 | Dkt #47.Case filed 1 day before hearing on summary judgment motion in unlawful detainer | Debtor appeared but counsel did not |
| 15-22785 Tracy | 7 | no | filed 4/6/15 dismissed 4/24/15 before meeting | See Case No 16-20084 | NA |
| 15-21755[1] Dynowski | 7 | yes - $1000 | filed 3/5/15 discharge 7/20/15 | See Case Nos. 15-28574 & 14-31822 | Counsel and debtor appeared |

---

[1]     A comparison of the three petitions filed by Debtor Dynowski shows his signature on two petitions, Case Nos. 14-31822 and 15-28574, is a "wet ink" signature, but the petition in Case No. 15-21755 is signed "/s/ John A Dynowski". This court's local rules permit either form of signature. See Local Bankruptcy Rule 9004-1(c)(1)(B). However, when the latter form is used, Local Bankruptcy Rule 9004-1(c)(1)(D), provides:

"When "/s/ Name" . . . is used in an electronically filed document to indicate the required signature(s) of persons other than that of the registered user, the registered user shall retain the originally signed document in paper form for no less than three (3) years following the closing of the case. On request of the Court, U.S. Trustee, U.S. Attorney, or other party, the registered user shall produce the originally signed document(s) for review. The failure to do so may result in the imposition of sanctions on the Court's own motion, or upon motion of the case trustee, U.S. Trustee, U.S. Attorney, or other party."

At the hearing on the order to show cause both Ms. Richards and Mr. Dynowski admitted he never signed the petition in Case No. 15-21755. Ms. Richards does not have a copy of the petition with Mr. Dynowski's wet ink signature.

| 14-31822<br>Dynowski | 7 | no | filed 12/4/15<br>dismissed<br>12/15/14 before<br>meeting | Dkt #35. Case filed<br>6 minutes before<br>home foreclosure | NA |
| 13-31031<br>Rodriguez | 7 | no | filed 8/22/13<br>dismissed 9/3/13<br>before meeting | | NA |
| 13-30462<br>Manzo | 7 | no | filed 8/8/13<br>dismissed 8/19/13<br>before meeting | | NA |
| 13-15329<br>Gutierrez | 11 | no + incomplete<br>employment<br>application | filed 8/5/13<br>dismissed 10/3/13<br>on UST motion<br>before meeting | Dkt #24. Creditor<br>attempting to<br>foreclose on rental<br>properties. | NA |
| 11-90725<br>Pinheiro | 7 | yes - $1000 | filed 2/28/11<br>discharge 6/6/11 | Dkt #19. Foreclosing<br>creditor attempting<br>to enforce writ of<br>possession | Counsel and debtor<br>appeared |
| 11-24004<br>Ascencion | 13 | no | filed 2/27/11<br>dismissed 3/8/11<br>before meeting | See next case. | NA |
| 11-21249<br>Ascencion | 7 | yes - $1200 | filed 1/18/11<br>dismissed 2/8/11<br>before meeting | Dkt #1. Schedules<br>list under-secured<br>home mortgage. No<br>foreclosure or<br>eviction noted on<br>docket. | NA |

A review of the dockets of these cases shows the following:

- Over a 5-year period, Ms. Richards filed twelve bankruptcy cases in the Eastern District of California. Two more cases, Case Nos. 16-10088 and 16-20084, were filed in the Central District of California on November 18 and 19, 2015 and then transferred to the Eastern District at the debtors' requests. All fourteen cases were filed for individual consumer debtors. Nine of these cases were filed under chapter 7, four under chapter 13, and one under chapter 11.

- In only 2 of the 14 cases, both chapter 7 cases, did the debtor receive a discharge. One case was voluntarily dismissed. Eleven cases were dismissed because the debtors failed to file required statements, schedules, or a proposed plan, or failed to appear at the meeting of creditors.

- In none of the reorganization cases, whether under chapter 11 or 13, did the debtor confirm, much less complete, a plan.

- In 9 of the 14 cases, Ms. Richards failed to file the fee disclosure required by 11 U.S.C. § 329(a) and Fed. R. Bankr. P. 2016(b).

- In the five cases where disclosures were filed, Ms. Richards received fees of $2,500, $750, $1,000, $1,000 and $1,200 before the cases were filed. Two of these five cases were dismissed before the meeting of creditors, one was dismissed because Ms. Richards and her client failed to appear at the meeting of creditors, and in two cases the debtors received chapter 7 discharges.

- 11 of the 12 cases filed in the Eastern District (this excludes the two cases filed in the Central District and then transferred to the Eastern District) were filed by Ms. Richards even though she was not a member of the bar of the Eastern District of California. She became a member on January 14, 2016, after this court noted in a ruling on a motion in Case No. 15-28574 that Ms. Richards was not a member of its bar.

- 9 of the 14 cases were dismissed before the first meeting of creditors could be conducted. Of the 5 cases not dismissed prior to the meeting, Ms. Richards failed to appear at the meeting in 3 cases.

- 10 of the 14 cases were filed to delay a home foreclosure or a post-foreclosure unlawful

7

detainer action.[2]  This is evident from motions or
objections filed by the foreclosing creditor as
well as admissions in documents filed by the
debtors.  The dockets of the other four cases give
no clue as to whether those debtors were
attempting to delay foreclosures or unlawful
detainer actions.  Each of these four cases (Case
Nos. 13-31031, 13-30462, 11-24004, and 11-21249)
was dismissed soon after filing because the debtor
failed to file required lists, statements, or
schedules.  Possibly because these cases were
dismissed soon after filing, nothing was filed,
either by the debtor, a creditor, or the trustee,
indicating that the debtor's home had been
foreclosed or was in foreclosure.

- Ms. Richards filed more than one bankruptcy case
  for four different debtors: she filed two cases
  for debtor Starr, two for debtor Tracy, three for
  debtor Dynowski, and two for debtor Ascencion.[3]

Not on the chart are three cases filed by Ms. Richards on
behalf of Debtors Hyatt, Rodriquez, and Gutierrez in other
districts.

---

[2]    But see footnote 3 below.

[3]    As discussed below, if cases filed in other districts
are included, Ms. Richards has filed multiple cases for seven
different debtors.

1    Ms. Richards filed Case No. 13-14248, a chapter 7 petition,

2  for Debtor Gutierrez in the Central District of California on

3  June 25, 2013.  The case was dismissed on July 26, 2013 because

4  the debtor failed to file all mandatory lists, schedules and

5  statements.  This dismissal was followed by the filing of a

6  second case, this time under chapter 11, in the Eastern District

7  on August 5, 2013.  The chapter 11 case was dismissed on October

8  3, 2013 on the motion of the United States Trustee.  The debtor

9  failed to schedule all real property assets, file monthly

10  operating reports, provide proof of insurance, and provide copies

11  of financial records to the United States Trustee.

12    Ms. Richards filed Case No. 15-13055 on behalf of Debtor

13  Hyatt in the Central District of California on September 14,

14  2015.  That case was dismissed just nine days later when the

15  debtor failed to file a statement of social security number and a

16  master address list.  A second case, Case No. 16-10139, was filed

17  for Debtor Hyatt in the Eastern District on January 21, 2016.  It

18  was dismissed on February 19 when the debtor failed to propose a

19  chapter 13 plan.

20    Debtor Rodriguez filed a chapter 13 petition, Case No. 13-

21  45399, on September 25, 2013 in the Northern District of

22  California with the assistance of Ms. Richards.  The case was

23  dismissed due to the debtor's failure to file all lists,

24  schedules, and statements.  The Northern District case was filed

25  less than three weeks after Case No. 13-31031 filed in the

26  Eastern District was dismissed because the debtor had failed to

27

28

1   file all lists, schedules, and statements.[4]

2

3                      IV

4     Ms. Richards explanation of, and justifications for, her

5 conduct in this case, particularly when evaluated in light of the

6 other cases she filed in this district, do not hold water.

7

8           A.   Admission to the Bar of the Eastern District

9     Ms. Richards maintains that she did not know she was

10 required to be admitted to the bar of this court before

11 practicing in it.  Further, she maintains that no one told her

12 she was required to be a member of the court's bar.

13     It is difficult to believe that any attorney is unaware of

14 the necessity of being admitted to the bar of a court in which

15 they intend to practice.  Nor does the court believe that this

16 requirement was never brought to Ms. Richards' attention.

17     Ms. Richards filed documents in this case electronically.

18 In order to be authorized to file electronically, she had to

19

---

20      [4]   Interestingly, document #14 on the docket of the
Northern District case, a motion to vacate the dismissal, admits
21 that the case was filed to halt a foreclosure of the debtor's
home on September 26, 2013, the day after the case was filed.
22 The chart above indicates that there is nothing on the docket of
Eastern District Case No. 13-31031 indicating that the debtor was
23 attempting to halt a foreclosure or eviction.  With the admission
made in the Northern District case, this means that 11 of the 14
24 cases in the Eastern District were filed to stop foreclosures or
evictions.
25     It also is interesting that the motion to vacate the
dismissal of the Northern District case indicates that documents
26 were not filed timely because a paralegal in Ms. Richards' office
had failed to calendar the filing deadline.  This is reminiscent
27 of the excuse offered in the case now before the court for the
failure to appear at the meeting of creditors.
28

register with the clerk of this court.  The registration process

is done over the Internet.  Ms. Richards' registration form was

received by the clerk on December 15, 2010.  A copy of it is

appended to Docket 97, the court's earlier August 11 Memorandum.

Section 1 of Ms. Richards' registration form advises that an

attorney must be a member of the bar of this court in order to

file documents electronically.  And, in section 2, "Eligibility",

Ms. Richards represented to the clerk that she was "an attorney

admitted to the bar of the U.S. District Court for the Eastern

District of California and currently [is] in good standing."

The registration form makes clear that in order to file

documents electronically, an attorney must be a member of this

court's bar, or admitted to it *pro hac vice*, or be exempt from

admission.  Hence, even if it somehow escaped Ms. Richards'

notice over 35 years of practicing law that admission to the bar

of a federal court was necessary before filing a case in it, the

registration process clearly informed her of the requirement.

Ms. Richards misrepresented in 2010 that she was a member of

this court's bar.  This was untrue when this case was filed, and

it was untrue when she filed twelve other cases over a five year

period.  Ms. Richards was not admitted to this court's bar until

January 14, 2016.


B.   Failure to Appear at the Meeting of Creditors

Ms. Richards does not deny that she failed to appear at the

meeting of creditors.  She claims she was medically unable to

appear.  But, if Ms. Richards' evidence is to be believed, this

is not the reason for her nonappearance.  She did not appear

11

1 | because her law clerk failed to calendar the meeting.

2 |     The court believes none of this.  Neither Ms. Richards nor

3 | anyone in her stead ever intended to appear at the meeting

4 | because the debtor never intended to prosecute this case, his

5 | third in the space of eleven months.  This case was intended only

6 | to delay and harass a lender who had foreclosed on the debtor's

7 | home.[5]  The debtor's first case was filed to stop the lender's

8 | nonjudicial foreclosure and his third case was filed to halt an

9 | adverse result in its unlawful detainer action.

10 |     This is corroborated by the other cases filed by Ms.

11 | Richards in this court.

12 |     - Most were not prosecuted and most were filed on behalf of

13 |       debtors hoping to derail foreclosures and/or evictions.

14 |     - Ten of fourteen cases were dismissed prior to the meeting

15 |       of creditors because schedules, statements, lists and/or a

16 |       plan were not filed.

17 |     - Two more of the fourteen cases were dismissed after the

18 |       meeting because the debtor and counsel failed to appear at

19 |       it.

20 |     - Ms. Richards or another attorney in her place appeared at

21 |       the meeting of creditors in only two cases out of fourteen.

22 |     - Perhaps most telling is that the fact that no

23 |       reorganization case filed by Ms. Richards in this court over

24 |       the last five years has resulted in the confirmation of a

25 |

26 |         [5]     The court previously authored a lengthy written ruling
detailing the debtor's bad faith filing of cases in this court to
27 | hinder and delay Pennymac Holdings' nonjudicial foreclosure of
his home and his later eviction.  See Case No. 14-31822, Docket
28 | #57.

1    plan.

2    Of course, there is nothing wrong with filing a bankruptcy

3    case that halts a foreclosure or an eviction.  This rises to

4    contumacious conduct when the case is used to hinder, delay, or

5    defraud creditors and without any genuine intent and effort to

6    obtain a discharge and/or reorganize debt.

7    That is exactly what the debtor was doing in his first and

8    third cases filed with Ms. Richards' help.  These cases were

9    filed on the eve of a foreclosure or an eviction and then the

10    debtor failed to properly prosecute the cases by filing required

11    documents and appearing at the meeting of creditors.  The debtor

12    was hoping to delay his home lender as long as possible by

13    acquiring the automatic stay of 11 U.S.C. § 362(a) without

14    prosecuting the bankruptcy case.

15    And, as the chart above corroborates, Ms. Richards is all

16    too familiar with this tactic.

17

18    C.    Failure to Disclose Fees

19    Ms. Richards did not file the fee disclosure required by

20    section 329(a) and Rule 2016(b) because she was paid nothing by

21    the debtor for work in connection with this case.  Assuming this

22    is true, Ms. Richards nonetheless was required to file a

23    disclosure indicating nothing was paid to her.

24    Section 329(a) and Rule 2016(b) require every debtor's

25    attorney to file a statement of the compensation paid and to be

26    paid for services rendered in connection with the bankruptcy

27    case.  This disclosure must be made with reference to

28    compensation paid or agreed to be paid within the year prior to

13

1  the filing of the bankruptcy case or after it is filed.

2  Disclosure is mandatory and it must continue throughout the case.

3  See Turner v. Davis, etc. (In re Investment Bankers, Inc.), 4

4  F.3d 1556 (10th Cir. 1993).

5      This disclosure permits the court to scrutinize compensation

6  paid to a debtor's attorney even in the absence of an objection

7  to it.  The court is charged with insuring that compensation is

8  reasonable.  See 11 U.S.C. § 329(b).

9      If an attorney enters into an agreement to file a bankruptcy

10  case for no compensation, such must be disclosed.  The absence of

11  a disclosure would only create an ambiguity — did counsel get

12  paid but fail to make the disclosure, or was counsel representing

13  the debtor without charge?  There would be no way to determine

14  what the attorney and the debtor had agreed to without issuing an

15  order and requiring the parties to appear and explain themselves.

16      Ms. Richards is in business.  She practices law as a

17  business.  She does not operate a pro bono legal clinic.

18      The court does not believe Ms. Richards was paid nothing for

19  her services in this case.  Ms. Richards represented the debtor

20  in a state court unlawful detainer action.  Before that action

21  was filed, she represented him outside of the bankruptcy court in

22  connection with a nonjudicial foreclosure.  She was paid a fee

23  for these services.  In fact, the debtor and his partner gave Ms.

24  Richards a debit card linked to one of their accounts so she

25  could draw money for her fees.

26      In the effort to stop the foreclosure and the subsequent

27  eviction, Ms. Richards filed three bankruptcy cases for the

28  debtor, including the one now before the court.  Given the

1  failure to propose a plan, the failure to file schedules and

2  statements, and the failure of an attorney to appear the meeting

3  of creditors, it is a reasonable surmise that this case was filed

4  just to acquire the automatic stay in order to prolong and delay

5  the unlawful detainer action.. Ms. Richards and her client never

6  intended to prosecute this case to its conclusion.

7      This conclusion is buttressed by the chart above which shows

8  Ms. Richards' repeated misuse of the automatic stay over the last

9  five years.  Whatever this debtor (and the other debtors) paid

10  Ms. Richards, and however it was nominally accounted for by her,

11  it was paid in contemplation of a bankruptcy petition filed to

12  derail or delay a foreclosure and eviction.  When paying Ms.

13  Richards for her services, it was within the fair contemplation

14  of the parties that a bankruptcy case could be filed.  See e.g.,

15  In re Gage, 394 B.R. 184, 194 (Bankr. N.D. Ill. 2008).

16  Therefore, full disclosure of that compensation should have been

17  made to this court by Ms. Richards.

18      Finally, the fact that Ms. Richards ostensibly charged

19  nothing for this bankruptcy case (and eight other cases filed

20  over the last five years in this district) is corroboration for

21  the lack of good faith in filing it.  She had no intention of

22  filing schedules, statements, or a plan, appearing at the

23  meeting, or otherwise prosecuting the case.  It was filed purely

24  to harass the foreclosing creditor and to delay an eviction.

25

26                              V

27      The $1,000 sanction assessed against Ms. Richards in the

28  court's August 11 Order was for the conduct described in Part VI

                              15

1   of this Memorandum.  That order also directed Ms. Richards to

2   show cause why she should not be sanctioned further for filing

3   this case for the apparent improper purpose of harassing,

4   delaying, and causing unnecessary expense to the debtor's

5   foreclosing home lender.  The Memorandum accompanying the August

6   11 order included all of the information summarized above

7   concerning the other cases filed by Ms. Richards in this district

8   over the last five years.

9       After considering her response to the August 11 order, and

10  based on the findings summarized above, the court concludes that

11  clear and convincing evidence establishes Ms. Richards' bad faith

12  and willful misconduct as follows:

13      1.  Ms. Richards filed this case, and eleven others, without

14  being a member of the bar of this court.  In addition, she

15  appeared in two cases filed in other districts and then

16  transferred them to this district.  When this case was filed, Ms.

17  Richards knew she was not a member of this court's bar and had

18  misrepresented that she was a member of it.

19      2.  Ms. Richards failed to file a fee disclosure as required

20  by section 329(a) and Rule 2016(b).

21      3.  This case (and others) was filed without any intention

22  of prosecuting it to conclusion.  It was filed solely to acquire

23  the automatic stay in order to hinder and delay a foreclosure and

24  an eviction.  The court does not believe the assertion by Ms.

25  Richards or the debtor that this case was filed with the genuine

26  purpose of reorganizing the debtor's home loan or other finances.

27      Therefore, sanctions are appropriate.  See Chambers v.

28  NASCO, Inc., 501 U.S. 32, 42-47 (1991); Caldwell v. Unified

1   Capital Corp. (In re Rainbow Magazine, Inc.), 77 F.3d 278, 284

2   (9th Cir. 1996); Knupfer v. Lindblade (In re Dyer), 322 F.3d

3   1178, 1196-1197 (9th Cir. 2003).

4      The court has already assessed $1,000 in sanctions against

5   Ms. Richards pursuant to its Order to Show Cause of January 28,

6   2016. See Dockets 34 and 96. Ms. Richards paid the sanctions on

7   September 1, 2016 and also filed a belated disclosure of

8   compensation on September 15, 2016. The final issue is whether

9   an additional sanction is appropriate given conclusion 3

10   immediately above.

11      Rather than assess further monetary sanctions, the court

12   will bar Ms. Richards, effective from April 15, 2017, filing new

13   bankruptcy cases or proceedings in the Eastern District of

14   California until she has completed at least four hours of

15   continuing legal education in legal ethics that the State Bar of

16   California approves as meeting standards for Minimum Continuing

17   Legal Education, that is taught by a provider approved by the

18   State Bar, and that is not self-study but a participatory

19   activity for which the provider verifies attendance. Proof of

20   attendance shall be provided to the clerk of this court when the

21   four hours of education has been completed.

22      A final order shall issue.

23   Dated: February 28, 2017           By the Court

24

25

                              Michael S. McManus

26                              United States Bankruptcy Judge

27

28

# Instructions to Clerk of Court
## Service List – Not Part of Order/Judgment

The Clerk of Court is instructed to send the Order/Judgment or other court generated document transmitted herewith to the parties below. The Clerk of Court will send the Order via the BNC.

John A Dynowski
7445 Morningside Way
Citrus Heights CA 95621

Jan P. Johnson
PO Box 1708
Sacramento CA 95812

Office of the U.S. Trustee
Robert T Matsui United States Courthouse
501 I Street, Room 7-500
Sacramento CA 95814

PennyMac Corp
c/o Aldridge Pite, LLP
4375 Jutland Drive #200
PO Box 17933
San Diego CA 92177-0933

Leslie Richards
17337 Ventura Blvd Suite 211
Encino CA 91316

Mark A. Wolff
8861 Williamson Dr #30
Elk Grove CA 95624-7920